John F. Lomax (#20224)
Andrew Sniegowski (#031664)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jlomax@swlaw.com
          asniegowski@swlaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Todd Bell,<br><br>        Plaintiff,<br><br>v.<br><br>Transcor Group, Inc., et al.,<br><br>        Defendants. | No. CV-16-02436-PHX-SPL<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants respond to Plaintiff's First Amended Complaint as follows:

1. Defendants admit that Joseph Todd Bell ("Plaintiff") is an individual who resided in Maricopa County for some period of time before filing the Complaint. Defendants lack knowledge or information sufficient to admit or deny the allegations regarding Plaintiff's current residence; therefore deny the same.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit that eCM Systems, Incorporated is an active corporation with its principal place of business in Phoenix, Arizona.

7. Defendants admit the allegations of paragraph 7.

24551762.3

1    8.    Defendants admit the allegations of paragraph 8.

2    9.    Defendants admit the allegations of paragraph 9.

3    10.    Defendants admit the allegations in the first sentence of paragraph 10, but deny the remaining allegations of paragraph 10.

5    11.    Defendants deny the allegations of paragraph 11.

6    12.    Defendants deny the allegations of paragraph 12.

7    13.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 13; therefore they are denied.  Further, pleading fictitious entities is not permitted in federal court.

10    14.    Defendants admit that they conducted business in Maricopa County, but deny the insinuation that they engaged in conduct giving rise to cognizable claims and further note that several of these entities were dissolved years ago.

13    15.    Defendants removed this action to federal court on July 21, 2016 and affirmatively assert that the United States District Court for the District of Arizona has jurisdiction over this matter.  Accordingly, Defendants deny the allegations in paragraph 15.

## GENERAL ALLEGATIONS

18    16.    Defendants admit that Joseph Todd Bell ("Plaintiff") began employment with Transcor Group, Inc. in 1998.

20    17.    Defendants admit that Plaintiff worked as Transcor Group's Director of Business Development.  Defendants deny the remaining allegations of paragraph 17.

22    18.    Defendants admit that Plaintiff continued to work for Transcor Group, Inc. through September 2005, and that there were periods of time between September 2004 and September 2005 in which Plaintiff agreed to forego payment for his work and was therefore not paid.  Otherwise, Defendants deny the remaining allegations of paragraph 18.

27    19.    Defendants admit that Plaintiff loaned $46,000.00 in 2005 to Transcor Group, Inc., but deny the remaining allegations of paragraph 19.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

20. Defendants admit that Plaintiff stopped working for Transcor Group, Inc. in September 2005. Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit that Plaintiff began working for iNet, Inc. in 2008. Defendants deny the remaining allegations in paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants admit that Plaintiff was not issued a W2 for the wages he received in 2011; eDominate, LLC issued him a 1099. Defendants deny the remaining allegations of paragraph 25.

26. Defendants admit that Plaintiff received a 1099 from eDominate, LLC in 2012. Defendants deny the remaining allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants admit that Plaintiff received a W2 and a 1099 from eCM Systems, Inc. in 2013. Defendants deny the remaining allegations of paragraph 29.

30. Defendants admit that Plaintiff received a 1099 from eCM Systems, Inc. in 2014. Defendants deny the remaining allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants admit that Plaintiff represented LOS Global Systems, LLC on the Board of Directors for eGlobal Systems.US, LLC. Defendants deny the remaining allegations of paragraph 37.

38. Defendants lack knowledge or information sufficient to admit or deny the

1  allegations of paragraph 38; therefore, they are denied.

2      39.    Defendants deny the allegations of paragraph 39.

3      40.    Defendants deny the allegations of paragraph 40.

## COUNT ONE

### (Failure to Pay Wages)

6      41.    Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

8      42.    Paragraph 42 is a legal conclusion to which no response is required.

9      43.    Defendants deny the allegations of paragraph 43.

10      44.    Defendants deny the allegations of paragraph 44.

11      45.    Paragraph 45 is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 45.

13      46.    Defendants deny the allegations of paragraph 46.

## COUNT TWO

### (Violation of the Fair Labor Standards Act)

16      47.    Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

18      48.    Defendants deny the allegations of paragraph 48.

19      49.    Paragraph 49 is a legal conclusion to which no response is required, and Defendants further deny this is an accurate statement of the law.

21      50.    Paragraph 50 is a legal conclusion to which no response is required, and Defendants further deny this is an accurate statement of the law.

23      51.    Paragraph 51 is a legal conclusion to which no response is required, and Defendants further deny this is an accurate statement of the law.

25      52.    Defendants deny the allegations of paragraph 52.

26      53.    Defendants deny the allegations of paragraph 53.

27      54.    Paragraph 54 is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 54.

24551762.3

- 4 -

## COUNT THREE

### (Breach of Contract)

55. Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

56. Defendants deny the allegations of paragraph 56.

57. Defendants admit that at various times one or more of the corporate defendants had an agreement to pay Plaintiff on a monthly basis. Defendants deny the remaining allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

## COUNT FOUR

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

65. Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

66. Paragraph 66 is a legal conclusion to which no response is required.

67. Paragraph 67 contains legal conclusions to which no response is required.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

## COUNT FIVE

### (Unjust Enrichment)

70. Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

1  71. Paragraph 71 contains a statement to which no response is required.

2  72. Defendants deny the allegations of paragraph 72.

3  73. Defendants deny the allegations of paragraph 73.

4  74. Defendants deny the allegations of paragraph 74.

5  75. Paragraph 75 is a legal conclusion to which no response is required.

## COUNT SIX

### (Fraud)

### (Against Defendants John Michael Bulavinetz and Deborah Ann Williamson Bulavinetz)

76. Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

77. Defendants admit that on limited occasions, John Michael discussed with Plaintiff how he would be compensated by one or more of the corporate defendants. Otherwise, Defendants deny the allegations of paragraph 77.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 84; therefore, they are denied.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

## COUNT SEVEN

### (Negligent Misrepresentation)

87. Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

1	88.	Defendants deny the allegations of paragraph 88.
2	89.	Defendants deny the allegations of paragraph 89.
3	90.	Defendants deny the allegations of paragraph 90.
4	91.	Defendants deny the allegations of paragraph 91.
5	92.	Defendants deny the allegations of paragraph 92.

**COUNT EIGHT**

**(Promissory Estoppel)**

93.	Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

94.	Defendants deny the allegations of paragraph 94.
95.	Defendants deny the allegations of paragraph 95.
96.	Defendants deny the allegations of paragraph 96.
97.	Defendants deny the allegations of paragraph 97.
98.	Defendants deny the allegations of paragraph 98.
99.	Defendants admit that Plaintiff did not take legal action against them prior to filing this lawsuit.  Defendants deny the remaining allegations of paragraph 99.
100.	Defendants deny the allegations of paragraph 100.
101.	Defendants deny the allegations of paragraph 101.
102.	Defendants deny the allegations of paragraph 102.

**COUNT NINE**

**(Breach of Contract)**

103.	Defendants repeat and incorporate by reference their responses to the preceding paragraphs.

104.	Defendants admit that George Bell was employed by Transcor Group, Inc. Defendants deny the remaining allegations of paragraph 104.
105.	Defendants deny the allegations of paragraph 105.
106.	Defendants deny the allegations of paragraph 106.
107.	Defendants deny the allegations of paragraph 107.

1    108.    Defendants deny the allegations of paragraph 108.

2    109.    Defendants deny the allegations of paragraph 109.

3    110.    Defendants deny the allegations of paragraph 110.

4    111.    Defendants deny the allegations of paragraph 111.

5    112.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 112; therefore, they are denied.

## GENERAL DENIAL

Defendants deny each and every allegation in Plaintiff's First Amended Complaint not denied, except those allegations which have been specifically and explicitly admitted above. Defendants further deny that Plaintiff is entitled to judgment against them or that he is entitled to an award of damages in any amount. Defendants specifically deny that Plaintiff is entitled to the relief he seeks in the prayer for relief following paragraph 112 of the First Amended Complaint, or any relief at all.

## DEFENSES AND OTHER AVOIDANCES

Defendants further state the following defenses, some of which are affirmative defenses. Some of these defenses are pled in the alternative.

1. Defendants do not believe Plaintiff has pled a complaint properly as every claim except Count Six purports to state a claim against every Defendant.

2. Some of Plaintiff's claims fail to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred because Defendants paid Plaintiff for services rendered.

4. In the alternative to other defenses, Plaintiff was an independent contractor for one or more of the corporate defendants; therefore, some of the statutory claims cannot be stated against Defendants.

5. Plaintiff was an exempt employee for purposes of the Fair Labor Standards Act.

6. Neither Defendants, nor any of their employees committed any act with

1    malice or reckless indifference to Plaintiff's federally or state protected rights, or
2    approved, authorized, ratified, or had actual knowledge of any such acts.
3         7.     To the extent Plaintiff seeks compensation for preliminary or postliminary
4    activities, such compensation is barred by the Portal-to-Portal Act.
5         8.     To the extent any written administrative regulation, order, ruling, approval,
6    or interpretation of the Administrator of the U.S. Department of Labor Wage & Hour
7    Division or any administrative practice or enforcement policy of the Administrator bars
8    Plaintiff's claims, Defendants rely on such in good faith and acted in conformity with
9    such regulation, practice, policy, ruling, approval, or interpretation.
10        9.     Defendants reasonably believed that any of their acts or omissions giving
11   rise to this action were done in good faith, without any malice or intent to injure Plaintiff,
12   and they had reasonable grounds to believe any such acts or omissions did not violate the
13   Fair Labor Standards Act, or any other local, state, or federal laws or regulations.
14        10.    Plaintiff's fraud claim has not been pled with particularity in violation of
15   Rule 9(b).
16        11.    Defendants acted reasonably and in good faith at all times.
17        12.    Some or all of Plaintiff's claims are barred by the applicable statutes of
18   limitations.
19        13.    Some or all of Plaintiff's claims are barred by the statute of frauds.
20        14.    In the alternative, some or all of Plaintiff's claims are barred by accord and
21   satisfaction.
22        15.    Some or all of Plaintiff's claims are limited or barred by the doctrine of set-
23   off.
24        16.    Plaintiff's claims for fraud and negligent misrepresentation are barred by the
25   economic loss rule.
26        17.    Some of Plaintiff's claims are barred by the doctrine of judicial estoppel.
27        18.    Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.
28        19.    For any statutory wage payment claims, Plaintiff's claims for treble

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1 damages are barred by a good faith dispute.

2     20. For Plaintiff's contract-based claims, they fail for a lack of consideration
3 and the failure to satisfy conditions precedent, *e.g.*, the failure to be continuously
4 employed through certain dates.

5     21. For Plaintiff's contract-based claims, there are justifications for non-
6 performance, *e.g.*, the failure of Plaintiff to perform services discharged the promisor from
7 its obligations to perform, or impossibility, *e.g.*, the ability of dissolved companies to
8 perform specific tasks.

9     22. To the extent Plaintiff seeks punitive damages, Plaintiff's claim may be
10 limited or barred by:

- the absence of willful, wanton, or reckless conduct; and
- the constitutional limits of due process and state and federal law, including but not limited to the requirement that any such award be proportional to the actual damages.

15     23. Without admitting that the parties formed an enforceable contract, Plaintiff's
16 Promissory Estoppel claim is barred by his allegation that the parties formed an express
17 contract.

18     24. Without admitting that Plaintiff has suffered any injury or damage, the First
19 Amended Complaint and each of its purported causes of action are barred by Plaintiff's
20 failure to take reasonable steps to avoid or otherwise mitigate the claimed damages.

21     25. Plaintiff has not suffered any damages, and some or all of the relief sought
22 by Plaintiff cannot be recovered without specific proof of amounts owed and/or damages.

23     26. Defendants reserve their right to move to compel arbitration of this action if
24 Plaintiff signed a mandatory arbitration agreement.

25     WHEREFORE, having fully defended, Defendants pray for the following relief:

26     A. Dismiss the First Amended Complaint with prejudice finding that Plaintiff
27 shall take nothing on his claims.

28     B. Award Defendants their costs and expenses incurred in defending this

24551762.3
- 10 -

action.

      C.    Award Defendants their reasonable attorneys' fees.

DATED this 1st day of August, 2016.

                      SNELL & WILMER L.L.P.

By: /s/ Andrew Sniegowski
     John F. Lomax
     Andrew Sniegowski
     One Arizona Center
     400 E. Van Buren, Suite 1900
     Phoenix, Arizona  85004-2202
     *Attorneys for Defendants*

ORIGINAL of the foregoing e-filed
this 1st day of August, 2016.

COPY of the foregoing mailed
this 1st day of August, 2016 to:

Tina M. Ezzell
Carlotta L. Turman
TIFFANY & BOSCO, P.A.
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*

/S/ Sandy Rosales